Edwards, Ch. j.
delivered the following opiniap .and decree of the court :~The appellants, who were complainants in the circuit court, derive title under an entry made on the 14th day of December 1782, in the name of John Mosby, in the following words:
“ John Mosby .enters 20,(300 acres of land, on 27 trea.-sury warrants, &g. beginning at the south-east corner oí Lewis’s survey, on the south side of the south fork erf Elkhorn, near Todd’s station ; and running thence S. 20 W. 2840 poles ; thence S. 70 W. at right angles, so far as shall be sufficient to include ike quantity, so as to exclude a number of lawful claims and entries made for Jacob Sodusky, Joseph Blackford, the heirs of James Burton, John Todd, Lewis Craig, Thomas' Garland, William M’Conneíl, Cerrará Briscoe, Henry Prather, Bazil Prather, James Allen, Francis Kirtley, Joseph Bell, MichaelTroutman, Henry Moieman, Heniy Miller, John Craig, and John Miller, to the amount of 21,000 access.”
The appellee derives title under the following, entries, to wit: “ 21st February Í780, James Douglass enters 400 acres, by certificate, &c. lying on the head of Jessamine creek, about five orsix miles below Hickman creek, at a remarkable camping place.” “May 24th 1780, James Douglass enters a pre-emption warrant of 1000 acres, adjoining his settlement .on the head of Jessamine creek, a branch of Kentucky, beginning at the south- *385 Vest corner of his settlement óf 400 acres, and rubbing N. 70 W. thence N. 20 E. then S. 70 E. and S. 20 W. to the north-east corner of said settlement ⅞ then with the line of said settlement to the beginning.” The settlement certificate, granted by the court of commissioners, is, in substance, the same with the settlement entry* except that it also calls to include Douglass’s improvement : so that the entry and certificate must* from the fules of construction heretofore established in this court, be taken together (a).
The circuit court sustained the entry made in the name of John Mosby, as surveyed* beginning at the south-east corner of Lewis’s military survey, and run-, ning á line from thence S. 20 W. 2840 poles ; then extending from each end of the base line S. 70 W. at right angles thereto, so far as to include the quantity of20,000 acres, by a fourth line, drawn parallel to the base line.
The court also sustained thé settlement and pre-emption entries, made in the name of James DoUglass ; directing the settlement to be surveyed in a square* with lines to the cardinal points; and then directed the preemption to adjoin the settlement* and to be so surveyed* as that when a line shall be run diagonally through the settlement, when laid off as aforesaid, by beginning at the south-east corner thereof, and passing through the northwest corner, an equal quantity shall lie on each side of the said diagonal line ; the survey to begin at the southwest corner of the settlement, and to pursue the courses called for in the entry. The court then directed thé appellee to convey to the appellants, all of the land devised to him, which he holds under the settlement and. pre-emption, which will not be included within the surveys of the settlement and pre-emption surveys, respectively, as directed to be laid down.
From this decree, the complainants appealed to this court. In considering the propriety whereof, we must. first examine Mosby’s entry of 20,000 acres, and the survey made thereon-.
Lewis’s survey is shewn, corresponding with the description of its situation, given in Mosby’s entry ; and it seems to have been sufficiently notorious, to have enabled others to find it with reasonable diligence ; and when the survey itself was found, the south-east corner could easily be ascertained.
*386 ¶¾⅛ beginning" being thus settled, the question is, as to the construction and legal operation of the entry. It must be considered as an entry, giving a base line, and then calling for such a boundary, from that base line, as will amount to 41,000 acres ; but excluding thereout, 21,000 acres, for the other entries named, but whose situation are not ascertained. The question is, can the entry be good for any part; and if so, for what part ?
It seems clear, that the entry must be considered good for so muchas it appears from the entry, the locator intended, in all events, to cover with his entry, so far as that intention did not transcend the law. He had given a base line. Now it is certain he intended, at all events, to extend as far from his base line, as would include the quantity of 30,000 acres ; and it is equally clear, the few. permitted him to run off that distance from his base line.
So far^here is nothing either uncertain or illegal, in the intention of the locator, as expressed in the entry. A subsequent locator cannot complain, because, to that extent, he could neither be mistaken as to the intention of the party, nor prejudiced thereby.
We are therefore of opinion, the entry is good for, and legally appropriates, the 20,000 acres of land nearest to the base line ; to be included by extending off south lowest, at right angles therefrorp, so far as that a line, parallel to the base line, will include the quantity; and, that Mosby’s survey having been made in that manner, must be considered legal. This opinion is in conformity with the decree of this court, on this same entry, in-the case of Drake vs. Ramsey and Logan, determined' October term 1805 (a).
The circuit court very properly directed Bouglass’a settlement to be surveyed in a square, with lines to the cardinal paints ; including his improvement and the head of Jessamine (which are admitted by the complainants), in the centre of the survey.
JBut we cannot accord in opinion with that court, as to the manner in which the pre-emption should be surveyed. The eourt seems-to have presumed, that the intention of the entry, was, to lay an equal quantity, as near as possible, of the pre-emption, on the two sides of the settlement which it adjoined.
We are of opinion, the entry manifests a contrary ⅛ *387 tenfwti. The cotorse of the first line of the pre-emption,, as- given, makes an adate- angle with the line of the settlement, from the termination of which it fe extended ; and the closing line Of the pre-emption, as given in the entry, makes an obtuse angle with that line.of the settlement, to the termination of which, it is drawn ; and: the latter is as nluch greater than a right angle, as ⅛⅜* former is less. As, therefore, Douglass has taken more space On the one side Or corner of the settlement, than on the other, the .presumption, is, that he intended the quantity On the one -side, should be as much greater ’ than the quantity Oh the other, as the quantity of the o*ie angle,is-greater than the other.
The Only difficulty ih the construction of the enttyj fes arisen from the courses of the lines being given, but their lengths omitted. We are of opinion, the intention, of the entry will be best pursued, by surveying the preemption adjoining the settlement, by beginning at the south-west corner of the settlement, and- then pursuing the courses called for in the entry, so as to include the «fuántify óf ÍOÓO ácres, by making the beginning line of the pre-emption, extending from the south-west corner of the settlement; apd the fourth line, running to the north-east comer of the settlement, equal in length.
We aré, therefore, Of opinión, that so much of the decree of the court below, as directs the manner of surveying the-said pre-emption entry, tsrerty>neotos,dnd operates to the prejudice of the appellants.
Wherefore; it is decreed and ordered; that the decree-of the said circuit court, pronounced herein, shall be, and it is hereby reversed and set aside ; and that the appellants recover of the appellee, their costs herein expended* And it is -further ordered, that this cause be remanded to the said circuit court; who are directed to cause that part of -the settlement and pre-emption devised to, or otherwise heldr by the appellee, to be ascertained ; and also to cause a Survey of the said settlement and pre-emption to Re made, agreeably to the foregoing opinion : and finally, to pronounce a- decree in favor of the complainants, forso much of the land in controversy, as the defendant holds, as devisee, or otherwise, &c. as shall not be included in common, in the said settlement, as actually surveyed, and as directed to be surveyed ; and also, so much of the pre-emption covered *388 by the survey of the complainants, as shall not be inelu* cled in common, in the survey thereof, as originally made, and as herein directed to be made. And that the said court dq make such further orders and decrees in the premises, not inconsistent with the foregoing opinion and decree of this court, as equity may require;, \Vhich is ordered to be certified to the said circuit court. *
May 23rd.

(a) Confille vs. Brifcoe, Hughes 45.

(a) Ante 34.

 In th? argument of the cafe of Speed vs. Lewis, poft Clayr for the appellee, inq-iired of the court, U, in the above cafe of Craig and Mosby vs. Cogar, they m.eaot to decide, that the fettlement patent couldnot be protected by the pre-emption $ntry, and via vsrfa? Such, appeared to.hinvto be the ef feSt of thedecree pronounced j but he had expedited to have heard fomerea-fonrng upon the fubjeft, when fo important a point was decided.
Judge Trimble. — I can fpeak for myfelf t I did. I h,ave thought much on that ¿o¿trine, and am'Catisfied that neither the fettlement nor pre-emption patent, can be protected by the enti;y of the other. 1 am clearly of opinion^ that a fettkment and pre-emption, muft be conftdered and taken as twDdiftin& and feparate claims, to every purpofe 5 except that the pre-emption muft adjoin, its fettJement, to enable \t to retain its pre-emptive dignity.
Judge Bibb, — I did not fit in the cafe refered to } but have fully confider-ed the doctrine that came in queftion, in that cafe j and concur with the judgé who hasjuft exprefied his opinion.
The other judges concurred.
The fame queftion occuned in the cafe of Eftill and etbers vs. Hart's heirs, poft and received the like decifion.